```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NISABETA DAUTOVSKI and VERDIJA DAUTOVSKI,

                              Plaintiffs,

         -against-                                    REPORT AND
                                                      RECOMMENDATION
                                                      23-CV-5142-ENV-SJB

COSTCO WHOLESALE WAREHOUSE,

                              Defendant.
------------------------------------------------------------------x
```

**BULSARA, United States Magistrate Judge:**

A diversity case, like the present one, may not be removed from state court "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

Plaintiffs first filed this case in New York state court on December 29, 2021. (Pl.'s State Ct. Compl., Dkt. No. 1-1). Defendant Costco Wholesale Warehouse ("Costco") contends that it served a statement of damages on Plaintiffs' counsel on May 2, 2022, but only received a response—following conferences with the state court judge—on June 13, 2023. (Def's. Resp. to Order to Show Cause dated Sept. 13, 2023, Dkt. No. 7 at 1–2). And so, by delaying the assessment of the amount in controversy, Costco contends that Plaintiffs acted in bad faith, and, therefore, the one-year bar should not apply to its removal. *Id.* at 2.

Here is the problem with that argument: months prior on January 13, 2023, Costco, by its own admission, took the deposition of one of the Plaintiffs. (Notice of Removal, Dkt. No. 1 ¶ 8). But Costco does not explain why it could not have determined

the damages sought during or prior to that deposition. All Costco can muster is that it raised the issue of a damages response repeatedly in state court in conferences, to little avail. Costco, however, offers nothing to substantiate these assertions—it does not demonstrate that it moved to compel a response, that the judge actually raised the issues at these pre-trial conferences, or that the judge ordered Plaintiffs to respond but they failed to do so. A fairer reading of the history suggests that Costco simply chose to remove this case after Plaintiffs responded to the outstanding request. Indeed, as Plaintiffs indicate, they responded to the initial request (on August 29, 2022) with a response that they could not say what the damages were because they did not know the extent of the medical liens. (Pl's. Resp. to Combined Demands, Dkt. No. 7-2 at 1–3). Again, without any suggestion that Costco moved to compel or extract a more definite response, it is impossible to infer that Plaintiffs acted in bad faith.

The bad faith exception to the one-year bar requires far more than a delayed response to a damages request. The standard of proof is high. *Champion v. CVS Albany, LLC*, No. 22-CV-7748, 2023 WL 1766284, at *4 (E.D.N.Y. Feb. 3, 2023) ("District courts in this circuit routinely require a defendant to establish the plaintiff's bad faith by clear and convincing evidence."). Importantly, "evidence of delay without evidence of motive is insufficient to toll the one-year period." *Kozlova v. Whole Foods Mkt. Grp., Inc.*, No. 20-CV-6025, 2021 WL 4398234, at *4 (E.D.N.Y. Sept. 26, 2021); *see also Martinez v. Yordy*, No. 16-CV-005, 2016 WL 8711443, at *3 (E.D.N.Y. Feb. 19, 2016). "The exception to the one-year limitations requires more than just bad faith; it requires bad faith *plus* the motive to prevent removal." *Martinez*, 2016 WL 8711443, at *3. To that end, "[c]ourts in this Circuit have declined to infer strategic conduct and excuse an untimely removal where plaintiffs have failed to answer multiple requests for

damages." *Marin v. Sephora USA, Inc.*, No. 20-CV-3520, 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020). That is all Costco has proffered here: mere evidence of delay. And their evidence is of the milquetoast variety, given that Costco never asked the Court to impose a deadline for a statement of damages through a motion to compel or other request. That is, Costco "could and 'should have taken action to ensure removal before one year had elapsed.'" *Kozlova*, 2021 WL 4398234, at *4 (quoting *Klimaszewska v. Target Corp.*, No. 21-CV-374, 2021 WL 2877416, at *4 (E.D.N.Y. June 4, 2021)). All that Costco offers is its initial request, the dates of a few intermediate court conferences, and the ultimate date on which Plaintiff proffered a damages estimate. (Def's. Resp. at 1–2). Whatever that is worth (which is not much), it does not come close to demonstrating motive (particularly when it is unaccompanied by, for example, requests by Costco pressing Plaintiff to answer or by questions about damages asked at Plaintiff's deposition, which went unanswered). In sum, Costco falls far short of the clear and convincing evidence necessary to toll the one-year removal bar. *See, e.g.*, *Schabhuttl v. BJ's Membership Club, Inc.*, No. 23-CV-782, 2023 WL 3180379, at *3 (E.D.N.Y. May 1, 2023) ("Late disclosure of the amount-in-controversy has, on its own, generally been insufficient to show bad faith.") (collecting cases).

It is, therefore, respectfully recommended that the Clerk of Court remand this case to state court. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601,

604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara   11/1/2023*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York